**Archie Preston LATHON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-1603

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 13, 1972.

James F. Mulla, Jr., New Orleans, La. (court-appointed), for petitioner-appellant.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Patrick C. McGinity, Asst. U. S. Attys., New Orleans, La., Harry R. Hull, Jr., Asst. U. S. Atty., New Orleans, La., for the United States.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Archie Preston Lathon was charged in a two-count indictment with sale and possession of heroin. On December 8, 1970, he pled guilty to Count I of the indictment and received a five-year sentence. Count II of the indictment was dismissed. Subsequently, he filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He contended that his plea of guilty was not made freely and voluntarily and that he was coerced and induced by promises of probation and suspended sentence. The District Court held an evidentiary hearing on the matter and denied the motion. We affirm.

Lathon was arrested on September 1, 1970. He retained his own counsel, John J. Dolan, who suggested to Lathon that he, Dolan, might communicate with the Bureau of Narcotics and Dangerous Drugs to determine if Lathon could aid the Bureau in the apprehension of other narcotics dealers. Dolan would seek in return a recommendation for a reduced sentence or probation. Dolan in fact communicated with the Bureau and a meeting was arranged with Lathon, Dolan and Agent Phillips of the Bureau. Phillips explained that if Lathon would cooperate with the Bureau by traveling to New Jersey to buy heroin from his source there, the Bureau would inform the United States Attorney that he had cooperated with it. But Phillips made it clear that the Bureau could not make any guarantee as to what Lathon's sentence would be. However, when the time came for the trip to New Jersey, Lathon changed his mind and decided not to go. He subsequently entered the

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

plea of guilty and received a five-year sentence.

█ The record affirmatively shows that Rule 11 of the Federal Rules of Criminal Procedure was complied with in every respect when Lathon pled guilty. The District Court's finding that Lathon's decision to plead guilty was not based on any promise by his attorney or anyone in authority that he would get a suspended sentence and probation is correct.

Affirmed.